IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL KEVIN BROWN,<br>     Plaintiff,<br><br>  vs.<br><br>VENANGO COUNTY, GENE PRISE,<br>Venango County Sherriff, WARDEN MAJOR<br>SMITH, Venango County Prison Warden,<br>AMY JOHNSON, Public Defender,<br>JOHN DOE, Venango County Prison Business<br>Office manager, DEBBIE BIGLEY, VCP Bus.<br>Office Administrative Asst., PEGGY MILLER,<br>Office of the Clerk of Court and Prothonotary,<br>CATHY LACKATOS, VCP Jail Advocate,<br>DOE, Two (2) Deputies who transported<br>Plaintiff from the NEOCC on or about<br>April 16, and DOE, (2) Two Deputies who<br>transported Plaintiff back to the NEOCC on or<br>about June 17, 2009,<br>     Defendants. | Civil Action No. 09-268E<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM OPINION AND ORDER**

In October, 2009, when Michael Kevin Brown ("Plaintiff") initiated this suit, he was incarcerated in the Federal Correctional Institute at Allenwood. It appears that in May 2011, Plaintiff was released[1] and moved to an address at 342 Shay Road, Franklin, Pa. 16323, even though he failed to file with the court a notice of change of address. The case was reassigned to the undersigned in June 2011. ECF No. [37]. Because mail addressed to Plaintiff sent from this Court was returned to the Court, this Court issued an Order to Show Cause to Plaintiff on September 2, 2011, requiring that Plaintiff show cause why the case should not be dismissed due to Plaintiff's failure to advise the Court of his current address. ECF No. [39]. Plaintiff's

---

[1] The Court takes judicial notice of the United States Bureau of Prisons Inmate Locator website:

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=97102-071&x=33&y=18

response to the Order to Show Cause was due September 21, 2011. That order too was returned to the Court. Not surprisingly, Plaintiff never filed a response to the Order to Show Cause. Accordingly, the case should be dismissed due to Plaintiff's failure to obey a specific Court order.

A district court has the inherent power to *sua sponte* dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by*, Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors known as the Poulis factors[1] when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit set forth the following six factors to be considered: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of

---

[1] See, e.g., Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) ("In considering the second *Poulis* factor . . ."). Poulis refers to Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

2

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Id. at 868.  However, "*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by" the United States Court of Appeals for the Third Circuit.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  Indeed, the United States Court of Appeals for the Third Circuit has recognized that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  *See C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988).  Instead, the decision must be made in the context of the district court's extended contact with the litigant."  Id.

Consideration of the factors listed above is as follows:

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*.  Although the Order to Show Cause was returned to this Court, given it is Plaintiff's responsibility to keep the Court informed of his current address, the responsibility for his failure to respond to the order in question is Plaintiff's alone.

(2) Prejudice to the adversary.

There is no indication that the Defendants have been prejudiced by Plaintiff's failures.  However, there is an indication that the Defendants cannot locate Plaintiff in order to serve motions upon him.  ECF No. [38] (motion seeking extension of time in which to serve a motion to dismiss due to inability to locate Plaintiff).

(3) A history of dilatoriness.

Plaintiff has failed to keep the Court informed of his current address and has failed to respond to Court order requiring him to show cause.  Plaintiff's failures to respond to this

Court's Order to Show Cause is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. If he does not keep us informed of his current address, there is no way for the case to proceed.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," Poulis, *supra*. Plaintiff has disregarded the Order to Show Cause. The conclusion that his failure to respond is willful or, at least, that his failure to file a change of address is willful is inescapable.

(5) Alternative sanctions.

Plaintiff is proceeding *pro se* and has not responded to the Court's orders, and it is not clear that any sanction other than dismissal will properly redress Plaintiff's refusal to comply.

(6) Meritoriousness of Plaintiff's case.

It is difficult to assess the meritoriousness of Plaintiff's claims at this early stage but without the ability to serve Plaintiff, even a meritorious claim cannot go forward.

In light of the foregoing, and given this Court's extended contact with Plaintiff, we find that the Poulis factors weigh in favor of dismissal.

**AND NOW**, this 29th day of September 2011, this action is dismissed with prejudice for Plaintiff's failure to obey a Court order.

Date: September 29, 2011　　　　　　　　　s/Maureen P. Kelly
　　　　　　　　　　　　　　　　　　　　Maureen P. Kelly
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

cc:　MICHAEL KEVIN BROWN
　　　342 SHAY ROAD
　　　FRANKLIN, PA 16323

　　　All Counsel of Record via CM-ECF

4